IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**BERT JEROME GALLOWAY,**

  **Plaintiff,**

**VS.**                                                                                  **No. 17-2637-SHM-cgc**

**GARY ROSENFELD**
**EXECUTIVE OFFICER**
**MEMPHIS AREA TRANSIT AUTHORITY,**

  **Defendant.**

REPORT AND RECOMMENDATION

On September 1, 2017, plaintiff Bert Jerome Galloway filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (D.E. # 1 & 2.) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1]. In an order issued on October 26, 2017, the Court granted leave to proceed *in forma pauperis*. (D.E. # 9)

Plaintiff's "Statement of Claim" (D.E. # 1-1) alleges a violation of his 1st, 5th, 8th and 14th Amendment rights based on acts arising from a motor vehicle accident. According to Plaintiff, he was a "passenger on the [Memphis Area Transit Authority] MATA bus that crashed with another vehicle" on April 7, 2017. Plaintiff alleges that his claim against MATA for personal injuries was "wrongly dismissed" and that because his claim was denied, "defendants violated [his] due

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

process of law and just compensation, and equal protection laws under the U.S. Constitution." Plaintiff claims that he is "suing defendants Gary Rosenfeld, CEO and MATA for personal injury to [his] neck and back and for violating [his] civil rights." Plaintiff seeks $15,000,000 in compensatory damages.

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some

factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District

judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). MATA "is a public transportation system established pursuant to state and local law. MATA is governed by a Board of Commissioners who are appointed by the City of Memphis Mayor and confirmed by the Memphis City Council[3]" and the Court will assume, for purposes of this report and recommendation, that it is subject to suit under § 1983 as a local government entity.

A municipality can only be held responsible for a constitutional deprivation if there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.

---

[2] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[3] 2017 Title VI Program Update, Agency Overview.
http://www.matatransit.com/sites/default/files/Planning%20Docs/MATA%202017%20Title%20VI%20Program%20Update_FINAL_2-20-18.pdf

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978); Deaton v. Montgomery Co., Ohio, 989 F.2d 885, 889 (6th Cir. 1993).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003)(citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." Id. at 815 (quoting Monell, 436 U.S. at 690-91). The policy or custom "'must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983.'" Searcy, 38 F.3d at 286 (quoting Polk Cnty. v. Dodson, 454 U.S. at 326) (internal quotation marks omitted). "[T]he touchstone of 'official policy' is designed to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479-80 (1986)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, see Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, see, e.g., Fowler v. Campbell, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar 30, 2007); Oliver v. City of Memphis, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); cf. Raub v. Corr. Med. Servs., Inc, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008)(denying motion to dismiss where

5

complaint contained conclusory allegations of a custom or practice); Chidester v. City of Memphis, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). In this instance, the complaint does not allege that Plaintiff suffered any injury because of an unconstitutional policy or custom of MATA. Plaintiff merely alleges that a personal injury claim was denied. Therefore, it is RECOMMENDED that Plaintiff's claim pursuant to 42 U.S.C. § 1983 be denied without prejudice.

To the extent that Plaintiff is asserting a claim for personal injuries against MATA pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §29-20-201 *et seq.*, it is RECOMMENDED that the claim be dismissed without prejudice for lack of subject matter jurisdiction. Specifically, Plaintiff has not asserted or demonstrated that diversity jurisdiction exists.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service

on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 2nd day of July, 2018.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**