```
IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```

| | |
|---|---|
| BERT JEROME GALLOWAY,       )<br>                             )<br>     Plaintiff,             )<br>                             )<br> v.                          )<br>                             )<br> GARY ROSENFELD, Executive   )<br> Officer, Memphis Area Transit )<br> Authority; and MEMPHIS AREA )<br> TRANSIT AUTHORITY,          )<br>                             )<br>     Defendants.             )<br>                             )<br>                             ) | No. 17-cv-2637-SHM-cgc |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), dated July 2, 2018. (ECF No. 11.) The Report recommends *sua sponte* dismissal of Plaintiff Bert Jerome Galloway's complaint under 28 U.S.C. § 1915. (Id. at 30.)[1] Galloway has not filed an objection, and the deadline to do so has passed.

For the following reasons, the Report is ADOPTED, and Galloway's complaint is DISMISSED WITHOUT PREJUDICE.

On September 1, 2017, Galloway filed a *pro se* "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" against

---

[1] Unless otherwise noted, all record citations refer to the PageID number.

Defendants Gary Rosenfeld, Chief Executive Officer of Memphis Area Transit Authority, and Memphis Area Transit Authority ("MATA") for negligence and "violating [his] civil rights under the 1st, 5th, 8th, and 14th constitution amendments. . . ." (ECF No. 1-1 at 4, 5 ("I am now suing [D]efendants . . . for personal injury to my neck and back and for violating my civil rights[.]").

Galloway alleges that he was injured while riding a MATA bus on April 7, 2017. (Id.) Galloway represents that Defendants "wrongly dismissed [his] claim without proper 'notice' . . . [and] den[ied] [him] an opportunity to question witnesses in this incident." (Id.) Galloway does not explain what his "claim" was. He alleges that "[t]his show[s] that [D]efendants violated [his] due process of law and just compensation, and equal protection laws under the US constitution of the 14th amendment." (Id.) Galloway also alleges that Defendants "neglected to provide seatbelts for the Plaintiff and passengers as a whole, which resulted [in Galloway] being injured in the MATA bus crash on 4-7-2017." (Id.)

On July 2, 2018, United States Magistrate Judge Charmiane G. Claxton entered the Report. (ECF No. 7.) It recommends that the Court dismiss Galloway's complaint *sua sponte* under 28

U.S.C. § 1915 without prejudice. (Id. at 29-30.) The Report explains that:

> MATA "is a public transportation system established pursuant to state and local law. MATA is governed by a Board of Commissioners who are appointed by the City of Memphis Mayor and confirmed by the Memphis City Council" and the Court will assume, for purposes of this report and recommendation, that it is subject to suit under § 1983 as a local government entity.
>
> . . . .
>
> To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003) (citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993))
>
> . . . .
>
> [T]he complaint does not allege that Plaintiff suffered any injury because of an unconstitutional policy or custom of MATA. Plaintiff merely alleges that a personal injury claim was denied. Therefore, it is RECOMMENDED that Plaintiff's claim pursuant to 42 U.S.C. § 1983 be denied without prejudice.
>
> To the extent that Plaintiff is asserting a claim for personal injuries against MATA pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-201 et seq., it is RECOMMENDED that the claim be dismissed without prejudice for lack of subject matter jurisdiction. Specifically, Plaintiff has not asserted or demonstrated that diversity jurisdiction exists.

(Id.)

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v.

3

Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Galloway has not objected to the Report. Adoption of the Report is appropriate. See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED, and Galloway's complaint is DISMISSED WITHOUT PREJUDICE.

So ordered this 18th day of July, 2018.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT JUDGE